NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMADEO CABALLERO,<br><br>            Plaintiff,<br><br>     v.<br><br>THANH DOAN and DOEES 1 through 10, inclusive,<br><br>            Defendants. | Case No.  5:13-cv-04482 HRL<br><br>**ORDER THAT THIS CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION** |

On September 27, 2013, plaintiff Amadeo Caballero filed a "Complaint for Declaratory Judgment." For the reasons stated below, this court recommends that this matter be dismissed for lack of subject matter jurisdiction.

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Although plaintiff's complaint cites a litany of federal statutes and rules, none confer federal jurisdiction.[1] Rather, the gravamen of the complaint

---

[1] For instance, plaintiff cites Federal Rules of Civil Procedure 8, 11, 57 and 65, as well as Civil Local Rules 65-1 and 7-10. Those rules simply set federal standards for declaratory or injunctive relief and for filing pleadings, motions, and other papers filed with a federal court. They are not bases for affirmative claims for relief in a complaint. While the complaint also seeks relief under

is that defendants misapplied sections 1161-1161(a) of the California Code of Civil Procedure in connection with an unlawful detainer action pending in the Santa Clara County Superior Court. As a consequence, plaintiff says that the unlawful detainer action must be dismissed. But, the enforcement of state procedural rules in a pending state action is not within the province of this court. Because there is no federal question jurisdiction, there is also no basis for the exercise of supplemental jurisdiction under 28 U.S.C. § 1367.

Nor is there diversity jurisdiction. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. §1332. Here, the complaint states that all parties are California citizens. (Dkt. No. 1 at p. 5, ¶ 6).

Because not all parties have consented to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge dismiss this action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Additionally, the undersigned notes that plaintiff previously filed a similar complaint here earlier this year and was told that the court had no subject matter jurisdiction over his claims. See Case No. 13-cv-01594-EJD, *Caballero v. Doan*. Plaintiff is warned that if he persists in flouting the orders of the court, he may be subject to sanctions.

Any party may serve and file objections to this Report and Recommendation within

---

the Declaratory Judgment Act, 28 U.S.C. § 2201, that act does not by itself confer federal subject matter jurisdiction. Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005). See also Vaden, 129 S. Ct. at 1278 n.19 ("[T]he Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts; it is 'procedural only.'"). Plaintiff also cites criminal statutes for which there is no private right of action. The complaint references 15 U.S.C. § 1601 et seq. and 15 U.S.C. § 1640(e); 15 U.S.C. § 1692g; "FDCPA and "FCRA"; 42 U.S.C. § 1983, 1988; 28 U.S.C. § 1985; and "Violation of RICO Statutes," but the allegations of the complaint do not state a claim for relief under any of those statutes.

2

fourteen days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: October 8, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

1   5:13-cv-04472-HRL Notice sent by U.S. Mail to:

2   Amadeo Caballero
3   583 Groth Drive
    San Jose, CA 95111
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28